IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK CHINA, | ) | |
| | ) | CRIMINAL ACTION |
| Petitioner, | ) | 02-cr-656-03 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION |
| | ) | 07-cv-2260 |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

**RUFE, J.**                                                                                                    **May 21, 2008**

    Before the Court are Frank China's Habeas Corpus Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, the Government's Response in Opposition, and Frank China's Reply. Frank China ("Petitioner" or "China"), who is in custody at the Elkton Federal Correctional Institution, alleges that he was denied effective assistance of counsel at trial due to his legal counsel's failure to impeach the Government's handwriting expert, counsel's failure to raise substantial issues on appeal resulting in waiver, and counsel's failure to move for severance from co-defendant Odell Johnson. For the reasons that follow, the Court will deny Petitioner's Motion.

**I.   FACTUAL AND PROCEDURAL HISTORY**

    The following facts emanate from the record of this matter as established at trial. China was a Pennsylvania State Trooper and was convicted of working in concert with convicted drug offenders, one of whom was his co-defendant at trial, to extort money and narcotics from known drug dealers.[1] In one incident, China and a convicted drug offender lured a victim to the

---

[1] Gov't Resp. to Mot. to Vacate, Set Aside, or Correct Sent. at 2-9.

Philadelphia area from Pittsburgh, under the guise of purchasing marijuana.[2] After being informed about the would-be buyer's location, China pulled him over in a marked state police cruiser and confiscated $20,000 in cash that he knew the man would have on him.[3] After seizing the money, China provided a fraudulent property seizure form, signed it with a fake name, and told the intended buyer that he was releasing him and would consider this a pass.[4] In another incident, China and two co-conspirators arranged a fake drug sale so China could stop the intended seller and confiscate the narcotics.[5] After being informed of the seller's location, China pulled him over in his police cruiser and seized one kilogram of cocaine, which China relinquished to his co-conspirators.[6] One of the co-conspirators was to pay China a portion of the value of the drugs out of his share of the profits.[7]

On July 2, 2003, after a jury trial, China was convicted of conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846, and two counts of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951.[8] On December 16, 2003, this Court imposed a sentence of 135 months imprisonment, five years supervised release, a fine of $2,500, and a special assessment of $300.[9] Petitioner appealed his conviction, and the Third Circuit affirmed this Court's judgment, but remanded the case for re-sentencing consistent with the

---

[2] Id. at

[3] Id. at 3.

[4] Id. at 4.

[5] Id. at 6-7.

[6] Id.

[7] Gov't Resp. at 6-7.

[8] Pet'r Reply to Gov't Resp. to Mot. to Vacate, Set Aside, or Correct Sent. at 1.

[9] Id. at 1.

recently-decided Supreme Court case of United States v. Booker, 543 U.S. 220 (2005).[10] On December 5, 2005, after considering the no-longer mandatory Sentencing Guidelines, and after reviewing the sentencing factors under 18 U.S.C. § 3553(a) once again, the Court reimposed the original sentence. Petitioner did not appeal his second and final sentence. Petitioner filed the instant Motion to Vacate, Set Aside, and Correct Sentence pursuant to 28 U.S.C. § 2255, in June 2007, one year and six months after the re-sentencing.[11]

## II.  DISCUSSION

The substantive grounds for Petitioner's Motion need not be examined because Petitioner's claims are time barred as this Motion was filed outside of the relevant statute of limitations, and Petitioner is not entitled to statutory or equitable tolling.

### A.  Legal Standard

The statute of limitations within which a prisoner must file a petition for writ of habeas corpus, in this case, a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, is governed by 28 U.S.C. § 2255(f).[12] Congress intentionally created a series of restrictive gate-keeping conditions that must be satisfied in order for a prisoner to obtain relief through a writ of habeas corpus.[13] AEDPA's "strict and short statute of limitations" is one such intentionally

---

[10] Id. at 2.

[11] Id.

[12] Generally referred to as the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. §§ 2241-2266.

[13] See Prout v. Varner, No. 07-4202, 2007 U.S. Dist. LEXIS, at *1-2 (E.D. Pa. Dec. 6, 2007).

3

restrictive gate-keeping condition.[14] Specifically, 28 U.S.C. § 2255(f) provides, in pertinent part: "A 1-year period of limitation shall apply to a motion under this subsection. The limitation period shall run from the latest of— (1) the date on which the judgment of conviction becomes final . . . ."[15] AEDPA also provides for tolling of the limitations period for "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."[16] The common law doctrine of equitable tolling can also suspend the one-year limitations period, but only in light of established equitable principles.[17]

### B. Equitable Tolling

Petitioner does not dispute that this Motion was filed outside of the one-year AEDPA limitations period, and does not argue that statutory tolling should apply due to collateral review of his conviction and sentence; rather, Petitioner asserts that equitable tolling should render his motion timely. Therefore, we only address the issue of equitable tolling in this Memorandum Opinion.

Equitable tolling is appropriate

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigation and bringing the claims.[18]

The Third Circuit has set forth three specific circumstances permitting equitable tolling: (1) where

---

[14] Id.

[15] 28 U.S.C. § 2244(d)(1).

[16] Id. § 2244(d)(2).

[17] E.g., Becton Dickinson & Co. v. Wolckenhauer, 215 F.3d 340, 344 (3d Cir. 2000).

[18] Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004).

4

the defendant has actively misled the plaintiff; (2) where the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) where the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum.[19]  Generally, "courts should be sparing in their use of equitable tolling, applying it 'only in the rare situation where it is demanded by sound legal principles as well as the interests of justice.'"[20]

### 1. Notice From Counsel

Petitioner argues that he received no notice from trial or appellate counsel regarding the statute of limitations, and this lack of notice makes him eligible for equitable tolling in this case. Petitioner does not allege that he practiced due diligence by asking his attorney how long he had to file this Motion and that he was misinformed by his attorney's response. Rather, Petitioner asserts that his attorney simply failed to inform him proactively. In any event, whether Petitioner's attorney simply neglected to inform him or misinformed him upon Petitioner's inquiry, Petitioner is ineligible for equitable tolling under these circumstances. It is well settled that "in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes" are insufficient to excuse a petitioner's failure to file a habeas petition within the one-year AEDPA limitations period, on the basis of statutory or equitable tolling.[21] Attorney error has "not been found to rise to the 'extraordinary' circumstances required for equitable tolling."[22] To invoke equitable tolling, Petitioner must be able to point to some extraordinary circumstance beyond his control that prevented him from complying

---

[19] E.g., United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).

[20] Brown v. Klem, No. 05-824, 2006 U.S. Dist. LEXIS 4019, at *20-21 (E.D. Pa. Feb. 3, 2006) (quoting LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005)).

[21] E.g., Merrit v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003).

[22] Manning v. Blaine, No. 01-2279, 2001 U.S. Dist. LEXIS 19122, at *4-5 (E.D. Pa. Nov. 20, 2001).

with the statutory time limit.[23] An attorney's failure to inform an incarcerated client about the statute of limitations governing his collateral attack, as Petitioner asserts without demonstrating that he so much as inquired about this Motion with his attorney at any time in or outside of the limitations period, by no means illustrates an extraordinary circumstance beyond Petitioner's control that stood in the way of his compliance with AEDPA's limitations period.

Where the death penalty is not at stake, only where an attorney has intentionally misled a client about a statute of limitations will the Court consider attorney error as possible basis for equitable tolling of the relevant limitations period.[24] Petitioner has not asserted that his attorney intentionally misinformed him regarding the AEDPA limitations period; he argues only that his attorney neglected to inform him about the relevant time limit on filing this Motion. Therefore, Petitioner has not established that he exercised due diligence in filing this Motion late by relying on his attorney to inform him of the appropriate limitations period, and therefore, equitable tolling is not established on these grounds.

## 2. Notice From the Court

Petitioner asserts that he received no notice of his obligations under the AEDPA limitations period from the Court, and that this lack of notice should constitute an extraordinary circumstance entitling him to equitable tolling of the limitations period. It is well established, however, that the Court is under no obligation to inform a criminal defendant of the AEDPA statute

---

[23] E.g., Harris v. Hutchinson, 209 F.3d 325, 330 (3d Cir. 2000).

[24] See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236 (3d Cir. 1997) (allowing equitable tolling where plaintiff consistently asked counsel about filing her complaint, and counsel affirmatively lied about filing on time).

of limitations.[25] "A defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure."[26] The Court's only obligation after sentencing is to inform a criminal defendant of his right to appeal the district court's conviction and/or sentence, which Petitioner does not contest here.[27] Petitioner's argument for equitable tolling based on the Court's failure to provide notice of the AEDPA statute of limitations is unfounded and therefore fails.

### 3. Appellate Decision

Lastly, Petitioner argues that he did not receive a copy of the Court of Appeals opinion denying his appeal of the July 2003 conviction, and therefore, he was unaware that he could pursue a collateral attack under 28 U.S.C. § 2255 before reading the opinion, which advised of that option.[28] In his Reply brief, Petitioner asserts that he "cannot exercise due diligence when he is unaware of his legal rights."[29] Courts in this circuit have held that arguments analogous to Petitioner's here – that petitioner was in a precarious position because he was unaware of his legal rights – are "garden variety excuses for failing to comply with the habeas limitations period rather than extraordinary circumstances."[30] We agree that this third argument does not demonstrate

---

[25] See generally Piller v. Ford, 542 U.S. 225, 231 (2004).

[26] Id.

[27] Fed. R. Crim. P. 32(j)(1).

[28] In denying Petitioner's ineffective assistance of counsel argument on appeal, the Third Circuit explained, "He may, if he chooses, develop the theory on collateral attack pursuant to 28 U.S.C. § 2255." United States v. China, 138 Fed. App'x 421, 422 (3d Cir. 2005).

[29] Pet'r Reply at 4-5.

[30] Carter v. Wakefield, No. 06-3779, 2007 U.S. Dist. LEXIS 21210, at *6-7 (E.D. Pa. March 23, 2007) (citing Jones v. Morton, 195 F.3d 153, 160 (3d Cir. Cir. 1999) (equitable tolling inapplicable where basis for untimely filing was petitioner's misunderstanding of AEDPA's statute of limitations); Sch. Dist. of Allentown v.

extraordinary circumstances sufficient to invoke equitable tolling.

Petitioner appears to lay the responsibility of prosecuting this case on everyone but himself. In this last argument, Petitioner appears to argue that he exercised due diligence in filing this Motion, but was kept in the dark about the appellate decision, and that ultimately prevented him from asserting his rights.[31] However, a "petitioner must show 'consistent assiduousness' in pursuing his claim to meet the reasonable diligence standard."[32] Nothing in the pleadings or on the record of this matter show that Petitioner actively sought information regarding the assertion of his rights from any source, or that he was prevented from doing so in some extraordinary way. Accordingly, Petitioner has failed to demonstrate that he exercised reasonable diligence in filing this Motion over six months late. In fact, all of Petitioner's arguments in support of equitable tolling demonstrate that he did not exercise due diligence in bringing this action, but instead inattentively relied on others to prosecute this case on his behalf.

### C.   Certificate of Appealability

When a habeas petition is denied, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit and 28 U.S.C. § 2253(c) require the district court to make a determination of whether a certificate of appealability should issue. Under AEDPA, a certificate of appealability may not issue unless the applicant has made a substantial showing of

---

Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("[I]gnorance of the law is not enough to invoke equitable tolling.")).

[31] The Court is unpersuaded by Petitioner's contention that he was unaware of the existence of the Third Circuit opinion denying his appeal until present counsel provided him a copy in March 2007. Petitioner was re-sentenced in December 2005 as a result of the Third Circuit's denial of his appeal, so he was on notice that a decision had been rendered from at least that time. Petitioner could have asked for a copy of the Third Circuit opinion at or soon after his re-sentencing, but nothing on the record shows that he did.

[32] Boykins v. Tennis, No. 04-1174, 2004 U.S. Dist. LEXIS 14079, at *6 (E.D. Pa. July 22, 2004) (quoting Seitzinger, 165 F.3d at 241).

8

the denial of a constitutional right.[33] When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate, at least, that reasonable jurists would find debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; *and* (2) whether the district court was correct in its procedural ruling.[34] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."[35]

Petitioner's Motion is barred by the AEDPA one-year period of limitation, and the period is not statutorily or equitably tolled. Pursuant to the Supreme Court's holding in Slack, reasonable jurists would not find this debatable. Therefore, a certificate of appealability will not issue.

## CONCLUSION

Petitioner has failed to demonstrate any extraordinary circumstances that occurred during the 365-day limitations period to establish that he is entitled to equitable tolling, and he has likewise failed to show that he exercised due diligence in filing this Motion over six months late. Therefore, the Court will deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

An appropriate Order follows.

---

[33] E.g., Gaynor v. Kyler, No. 01-4346, 2003 U.S. Dist. LEXIS 20185, at *8-9 (E.D. Pa. Oct. 24, 2003) (citing Slack v. McDaniel, 529 U.S. 473, 483 (2000)).

[34] Slack, 529 U.S. at 484.

[35] Id.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK CHINA, | ) | |
| | ) | CRIMINAL ACTION |
| Petitioner, | ) | 02-cr-656-03 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION |
| | ) | 07-cv-2260 |
| Respondent. | ) | |

## ORDER

**AND NOW**, this 21st day of May, 2008, upon consideration of China's Habeas Corpus Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 202], the Government's Response in Opposition [Doc. No. 205], and Petitioner's Reply [Doc. No. 206], it is hereby **ORDERED** that Petitioner's Motion is **DENIED**.

It is further **ORDERED** that a certificate of appealability **SHALL NOT ISSUE**.

The Clerk of Court shall **CLOSE** this case.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

10